NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 12-1605

UNITED STATES OF AMERICA

v.

KEVIN JACKSON,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1:11-cr-00054-001)
District Judge: Honorable Richard G. Andrews

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2012

Before: AMBRO, GREENAWAY JR., and O'MALLEY<sup>*</sup>, <u>Circuit Judges</u>

(Opinion filed: September 21, 2012)

OPINION  OF  THE  COURT

---

* Honorable Kathleen M. O'Malley, United States Court of Appeals for the Federal Circuit, sitting by designation.

O'MALLEY, Circuit Judge

Kevin Jackson ("Jackson") pled guilty to one count of unlawful possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  The District Court sentenced Jackson to thirty-seven months of imprisonment and three years of supervised release.  Jackson appeals his sentence.  His appointed counsel now moves to withdraw from the case under Anders v. California, 386 U.S. 738 (1967), and Third Circuit Local Appellate Rule 109.2(a), asserting that all potential grounds for appeal are frivolous.  Jackson has filed no pro se brief in response to counsel's motion.  For the reasons below, we grant counsel's motion to withdraw and affirm Jackson's sentence.[1]

## I. BACKGROUND

Since we write primarily for the parties, we recite only the facts necessary to our decision.

On February 26, 2011, police officers approached Jackson while he was standing on a street corner in a high-crime area of Wilmington, Delaware.  Jackson ran away.  The police officers chased him and saw Jackson pull a fully loaded .45 caliber revolver from his waistband and drop it on the street.  To stop him, the police officers tasered Jackson, severely injuring him in the process.  Jackson fell into a coma for four days and sustained a broken nose, a fractured eye socket, and moderate disability due to brain injury.  At the hospital, police officers found PCP on Jackson's clothes.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. §§ 1291 and 3742.

2

On May 24, 2011, the Grand Jury for the District of Delaware returned a one-count indictment against Jackson charging him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Jackson pled guilty to this charge on October 20, 2011. The District Court sentenced Jackson on February 23, 2012. At sentencing, the District Court reviewed Jackson's Presentence Investigation Report ("PSR"), adopted its findings of fact, and acknowledged the Sentencing Guideline calculation in the report. The PSR calculated an offense level of fifteen and placed Jackson in a criminal history category of four, making the Sentencing Guideline range for Jackson thirty to thirty-seven months, with one to three years of supervised release, and a fine range of $4,000 to $40,000. Jackson did not object to the PSR, nor did he move for departure. Jackson did request a downward variance to twenty-four months.

The District Court made its sentencing determination on the record and, taking the thirty to thirty-seven month range as a starting point, considered the relevant factors set out in 18 U.S.C. § 3553(a). The District Court considered Jackson's drug addiction, his troubled childhood, the reason he carried a gun, the injuries he sustained during his arrest, and his prior sentence in a Delaware State court for a similar crime—possession of a deadly weapon by a person prohibited. Taking all this into account, the District Court sentenced Jackson to thirty-seven months of imprisonment, which the District Court found was a reasonable and appropriate sentence.

Jackson appealed his sentence to this Court on February 29, 2012.

## II. DISCUSSION

In Anders, the Supreme Court outlined the process for an attorney to withdraw from a case in which the indigent criminal defendant she represents wishes to pursue a meritless appeal. If counsel finds the case to be "wholly frivolous, after a conscientious examination of it," she should seek permission to withdraw. Id. at 744. "The request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal," the so-called Anders brief. Id. The appellate court must then determine, "after a full examination of all the proceedings," whether counsel's assertion of a meritless appeal is correct. Id. If it is, the court may grant counsel's request to withdraw and dismiss the appeal. Id.

The Third Circuit has embraced the Supreme Court's guidelines in its Local Appellate Rules:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. After all briefs have been filed, the clerk will refer the case to a merits panel. If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a). Our inquiry on this motion is thus "twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d. Cir. 2001).

4

The first question often turns on the adequacy of counsel's Anders brief. To fulfill the requirements of Local Appellate Rule 109.2(a), the Anders brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues" and (2) "explain why the issues are frivolous." Youla, 241 F.3d at 300. While counsel must examine the record conscientiously, she need not raise and refute every possible claim. See id.

To perform our independent review of the record, we must determine whether "the appeal lacks any basis in law or fact." McCoy v. Court of Appeals of Wis., 486 U.S. 429, 438 n.10 (1988). Whether an issue is frivolous is informed by the standard of review for each potential claim raised. See United States v. Schuh, 289 F.3d 968, 974-76 (7th Cir. 2002). We need not scour the record on our review. "Where the Anders brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the Anders brief itself.'" Youla, 241 F.3d at 301 (quoting United States v. Wagner, 103 F.3d 551 (7th Cir. 1996)). If the Anders brief is inadequate, we may seek guidance on potential issues for appeal from defendant's pro se brief or other court filings. See id. Regardless of the adequacy of the Anders brief, we may affirm the District Court without appointing new counsel if the frivolousness of the appeal is patent. See United States v. Coleman, 575 F.3d 316, 321 (3d Cir. 2009).

Jackson's counsel identified only one potential issue for appeal in her Anders brief: whether the District Court erred or was unreasonable in imposing its sentence. Having reviewed the Anders brief, we are satisfied that counsel has conscientiously examined the record. Accordingly, we limit our independent review of the record to the

5

reasonableness of the District Court's sentence. We agree with counsel that this issue would be frivolous if raised.

We review a District Court's sentencing decision for procedural and substantive reasonableness under an abuse of discretion standard. See United States v. Maurer, 639 F.3d 72, 77 (3d Cir. 2011). When imposing a criminal sentence, the district court must follow a three-step procedure. It must: (1) calculate the applicable Guidelines range; (2) formally rule on any departure motions and explain its rulings on such motions; and (3) exercise discretion in applying any relevant factors set forth in 18 U.S.C. § 3553(a). United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). The District Court did just that when sentencing Jackson. It calculated Jackson's sentencing range as thirty to thirty-seven months without objection, determined that there were no motions for departure, and considered the relevant factors set out in 18 U.S.C. § 3553(a) when ruling on Jackson's request for a variance. The sentence was procedurally sound.

Jackson's sentence is also substantively reasonable. When determining the sentence, the District Court considered, among other things, Jackson's prior three-year sentence in a Delaware state court for essentially the same offense—possession of a deadly weapon by a person prohibited. To promote respect for the law, the District Court felt its sentence could be no shorter than the three-year state court sentence. The District Court also considered Jackson's history and characteristics, including his traumatic childhood and the injuries he sustained during his arrest; the Court found that neither warranted a shorter sentence. It was persuaded instead by Jackson's status as a habitual criminal under Delaware law. And, since he fled from police, the Court felt the taser

6

injuries were Jackson's own fault. We find these points persuasive as well, and find that they reflect the reasonableness of the District Court's sentence, which was reached following proper procedure and was within the applicable Guidelines range.

Jackson's counsel adequately fulfilled the requirements of Anders and Third Circuit Local Appellate Rule 109.2(a) when she filed her motion to withdraw and supporting brief. In her brief, counsel identified no nonfrivolous issue for appeal. Our independent review of the record likewise reveals no such issue. We thus agree with defense counsel that any appeal raised in this case would be frivolous.

## III. CONCLUSION

For the foregoing reasons, we grant counsel's motion and affirm Jackson's sentence.